MARVIN J. PITTS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pitts v. Commissioner
Docket No. 22679-83.
United States Tax Court
T.C. Memo 1985-422; 1985 Tax Ct. Memo LEXIS 216; 50 T.C.M. (CCH) 761; T.C.M. (RIA) 85422; August 13, 1985. *216 Held: Petitioner's employment as a journeyman electrician was indefinite. Thus, a deduction for expenses to travel to and from work is not allowable under section 162(a)(2). Marvin J. Pitts, pro se. Helen Theo, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in petitioner's income tax of $611 for 1980. The issue for decision is whether petitioner is allowed to deduct expenses incurred in 1980 for *217 rent, utilities and telephone under section 162(a)(2). [1]
FINDINGS OF FACT Some of the facts have been stipulated. Petitioner resided in Hartselle, Alabama, when he filed the petition in this case and during the year in issue. Petitioner is an electrician by trade. On September 4, 1979, petitioner began to work as an electrician assignee for the Tennessee Valley Authority (TVA) at the Bellefonte Nuclear Project (Bellefonte project) in Hollywood, Alabama. [2] An assignee lacks the qualifications of a journeyman, but has at least minimum skills to do work in the particular specialty for which hired. The TVA hired assignees at the Bellefonte project because of a shortage of available journeymen electricians. When petitioner was employed by TVA, his type of appointment was a Trades and Labor Temporary Construction Hourly, with no *218 termination date. Workers under this appointment were employed until their services were no longer needed. The word "temporary" was used by TVA to distinguish hourly workers from salaried workers. Petitioner was hired under the special conditions that as an assignee, he would be laid off before non-assignees and he would be terminated when qualified candidates became available. Because of these conditions, his duties were restricted. On January 11, 1980, petitioner qualified for and was designated as a journeyman electrician. [3] Petitioner resigned his employment with TVA in May 1981, and on November 9, 1981, petitioner resumed his journeyman electrician position at the Bellefonte project under the same appointment as when he resigned. Petitioner remained employed until October 12, 1983, when the TVA terminated petitioner's employment because of a reduction in force. The requirements at the Bellefonte project for electricians for the year 1979, *219 as projected in 1978, were 625. For 1979, 595 electricians were on call. The 1979 projection for the 1980 year was 308 although 682 were actually employed. The projection made in 1980 for 1981 was 410 although 664 were actually employed. All assignee electricians were laid off by May 1980. We take judicial notice of the following facts found in , which also involved the Bellefonte project. The Bellefonte project in 1978 had a projected completion date of 1983. This completion was revised as follows: [4]
Time of Revised Projection
Revised Projected Completion Date
April 1979
August 1985
May 1980
August 1986
During 1980, petitioner resided during the week in a rented trailer at a trailer court in Alabama. On the weekends he returned to his residence in Hartselle. The distance between Hartselle and the Bellefonte project is 87 miles. On his return for 1980 taxable year, petitioner claimed as business expenses rent for the trailer in the amount of $1,320, utilities in the *220 amount of $480 and telephone in the amount of $119 for a business expenses deduction of $1,919. This deduction was disallowed by respondent. Petitioner substantiated the trailer rent but the sum for utilities was an estimate. The telephone expense was incurred for petitioner's personal convenience; it had no business justification. OPINION Respondent argues that petitioner is not entitled to deduct the expenses at issue because (1) the expenses were not incurred "while away from home"; (2) petitioner's residence in Alabama was maintained for personal rather than business reasons; and (3) petitioner's employment by TVA was indefinite rather than temporary. Personal expenses are ordinarily not deductible. Section 262. Section 162(a)(2), however, allows the taxpayer to deduct certain expenses if they are traveling expenses paid or incurred while "away from home in the pursuit of a trade or business" if he can establish they were: (1) Reasonable and necessary traveling expenses; (2) incurred while "away from home"; and (3) incurred in pursuit of a trade or business. ; . *221 This Court has held that a taxpayer's "home" for the purposes of section 162(a)(2) is the vicinity of his principal place of business whenever his personal residence is not located in the same vicinity. ; . There is however an exception to this rule when a taxpayer with a well-established tax home accepts temporary employment as opposed to indefinite or indeterminate employment elsewhere. In this context, temporary employment means the sort of employment in which termination within a short period of time could be logically expected and foreseen. , affg. a Memorandum Opinion of this Court; . See also . On the other hand, whenever termination of employment cannot be expected or foreseen within a fixed or reasonably short period of time, the taxpayer's tax home shifts to such place of employment so that he cannot satisfy the "away from home" requirement. . *222 Furthermore, when employment which was temporary in contemplation at the date of its commencement becomes indeterminate in duration, then "the situs of such employment for purposes of the statute becomes the taxpayer's home." . Employment may change from temporary to indefinite due to changed circumstances or simply by the passage of time. . Whether a taxpayer's employment is "temporary" as opposed to "indefinite," "substantial," or "permanent" is a question of fact. ; ;Among the relevant factors to be considered is whether the taxpayer logically expected that the employment would last for a short period of time or that the job itself would not extend beyond a reasonably brief duration. The burden of proving that his employment was temporary rests on petitioners. ; Rule 142(a). In the *223 present case it is clear that during 1980 termination of petitioner's employment on the Bellefonte project could not be logically expected or foreseen within a fixed or reasonably short period of time. The contract of employment provided that petitioner would be employed until his services were no longer needed. The fact that petitioner's contract stated that he was a temporary employee is not determinative of the issue herein. ; . We understand the confusion caused by the fact that the meaning of the word "temporary" in petitioner's contract is different from the meaning of the word "temporary" as a term of art for business expense purposes under section 162. In view of the extensive judicial precedent on this tax issue, petitioners must look to the Congress for establishment of a different rule. In fact, petitioner resigned his employment with TVA in May 1981, only to resume such employment in November 1981. The projected completion date for the Bellefonte project was continuously revised and extended into the future. There was no reason to believe during 1980 *224 that the job would not extend indefinitely into the future. The fact that all electrician assignees were laid off during the year in issue does not lead us to conclude that petitioner's job would terminate within a short period of time by reason of being laid off. And in fact his job continued. From 1979 through 1981, the number of journeymen electricians remained relatively constant. Neither is it relevant that it may not have been reasonable for petitioner to have acquired a permanent residence in the area of the Bellefonte project if one could have been located. [5]
It is clear from the record that during 1980 petitioner's employment was indefinite. Petitioner has not met the "away from home" requirement; hence petitioner's housing costs at Hollywood, Alabama during 1980 are not deductible under section 162(a)(2). [6]
*225 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. This is one of a group of six cases involving hourly workmen at the Bellefonte project, all of whose cases were consolidated for trial only.↩
3. On May 9, 1980 petitioner was designated as an "instrumentation" electrician which is a speciality within the electrician trade but at the same pay scale. On July 18, 1980, petitioner resumed work as a journeyman electrician.↩
4. Although the completion dates have been revised, no reactors have been deferred or cancelled at the Bellefonte plant.↩
5. Since the parties have not argued that petitioner's rented trailer became his tax home for the duration of the job, we will not discuss that possibility.↩
6. Our attention was called to two summary opinions, Cook v. Commissioner, T.C. Summary Opinion 1980-752, and Atnip v. Commissioner,↩ T.C. Summary Opinion 1980-761, which petitioner believes to have involved employment on the Bellefonte project. In each case the taxpayers were allowed travel expense deductions. Neither opinion sets forth the facts of this particular case so we cannot compare those cases to any of this group of six cases. However, those were summary opinions and they are not precedent for any other case, although we of course recognize that all of our opinions should be consistent.